UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH BURNHAM, et al.,** | ) | **Case No. 1:21-cv-1348** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| v. | ) | |
| | ) | |
| **CAROLYN A. FRIEDLAND, in her** | ) | **OPINION AND ORDER** |
| **Official Capacity as a Judge/Actor of** | ) | |
| **the State of Ohio,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is the Complaint of Plaintiff Kenneth Burnham, et al., ECF Doc. 1. For the following reasons, the Court issues sua sponte, a dismissal of the Complaint.

**I. Background**

The Court has moved sua sponte pursuant to Fed R. Civ. P. 12(b)(6) to dismiss the claims of Plaintiff Kenneth Burnham, et al. ("Plaintiffs") asserted in Plaintiffs' five-page Complaint on July 14, 2021, ECF Doc. 1.

Pursuant to a 2004 contract, Plaintiffs purchased and owned a facility and the operating rights to a substantial waste-water and treatment facility (Columbia Park Water & Sewer System "CPWSS"), a licensed Ohio public utility incorporated in the State of Delaware and located in Cuyahoga County Ohio. ECF Doc. 1 at 2. On or about December 28, 2018, in her official capacity as a Judge of the Cuyahoga County Common Pleas Court, Carolyn A. Friedland ("Judge Friedland") issued through an official act, a judicial summary judgment order in *U.S. Bank, N.A. vs Columbia Park East MHP, LLC, et al.* CV 17-887110, that Plaintiffs alleges amounted to a taking of Plaintiffs' property without just compensation and deprived Plaintiffs of their right to

1

due process, and transferred such rights to a private party receiver. ECF Doc. 1 at 3. Plaintiffs contend that Judge Friedland failed to order the mandatory constitutional payment of just compensation to the Plaintiffs in violation of the 5th and 14th Amendments of the United States Constitution and the Constitution of the State of Ohio. ECF Doc. 4. Further, Plaintiffs contend that Judge Friedland failed to hold a due process evidentiary hearing to determine the value and just compensation for the loss of property rights to the Plaintiffs. *Id*. As a result of Judge Friedland's actions, Plaintiffs believe they are entitled to just compensation from the State of Ohio for the taking of Plaintiffs' property.

**II. Discussion**

Fed. R. Civ. P. 8(a)(2) requires Plaintiffs' Complaint to allege "a short and plain statement of a claim showing that the reader is entitled to relief, in order to give a defendant a fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 936.

A suit may be dismissed as frivolous when a plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (superseded by statute on other grounds); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims for which a defendant is clearly entitled to immunity are claims that lack an arguable or rational basis in law. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. A court may dismiss a claim sua sponte when the named defendants are entitled to absolute immunity. *See Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 872 (E.D. Mich. 2008) (citing *Burton v. Mortimer*, 221 F.3d 1333 (Table) [published in full-text format at 2000 U.S. App. LEXIS 24988]

2

(6th Cir. June 22, 2000)) ("[T]he Court may address the issue of absolute immunity sua sponte."); *Tidik v. Ritsema*, 938 F. Supp. 416, 422-23 (E.D. Mich. 1996) (dismissing a complaint for failure to state a claim sua sponte based on absolute immunity).

Here, it is appropriate to dismiss this case, sua sponte, against Judge Friedland based upon the doctrine of judicial immunity. It has been principally established that judicial officers are immune from liability for actions taken in their official capacity "even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously and corruptly." *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The Courts have long recognized that to properly administer justice, "a judicial officer, in exercising authority vested in [her], [should] be free to act upon [her] own convictions without apprehension of personal consequences to [her]self." *Id.* at 10-11 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1871)). Plaintiffs may overcome judicial immunity when: (1) the challenged actions were not taken in the judge's judicial capacity; or (2) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991) (superseded by statute on other grounds). Neither situations are present here.

First, it is clear from Plaintiffs' Complaint that Judge Friedland was acting in her judicial capacity at all times relevant to Plaintiffs' claims. *See* ECF Doc. 1 at 3. While Plaintiffs may feel as though Judge Friedland's issuance of a summary judgment order was an unfavorable decision, Plaintiff alleges no facts that the issuance of this order was non-judicial in nature to defeat immunity. The relevant inquiry addresses "the nature and function of the action, not the act itself." *Mireles*, 502 U.S. at 13 (quoting *Stump*, 435 at 362). Plaintiffs cannot dispute that issuing a summary judgment order is a judicial act by its very nature and does not become less judicial because of an unfavorable ruling or alleged deficient in the order. Notably, the Plaintiffs concede

3

in the Complaint that Judge Friedland "issued through an official act, a judicial summary judgment Order." ECF Doc. 1 at 3. Therefore, the Court finds that the challenged actions were taken in Judge Friedland's judicial capacity, and judicial immunity is not defeated under the first prong.

Second, Judge Friedland's order was not issued in the complete absence of all jurisdiction. Again, Plaintiffs allege no facts that Judge Friedland lacked jurisdiction and concede that "the Defendant acted under the color of the law of the State of Ohio when issuing the Order." ECF Doc. 1 at 3. Plaintiffs only allege that Judge Friedland's issuance of the Order "substantially decreased the value of Plaintiffs' property." *Id*. at 3. However, "judges are immune from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213 (1967). Whether Judge Friedland acted in excess of this jurisdiction is irrelevant to the question of absolute immunity,[1] as "a judge will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Filip v. Flanagan*, 729 F. Supp. 1149 (N.D. Ohio 1989).

Accordingly, the Court finds that Judge Friedland's challenged actions were taken in her judicial capacity and with jurisdiction, so she is entitled to judicial immunity.

### III. Conclusion

For the above reasons, Plaintiffs' claims (ECF Doc. 1.) against Defendant Carolyn A. Friedland are sua sponte dismissed **WITH PREJUDICE** pursuant to Fed R. Civ. P. 12(b)(6), under the doctrine of judicial immunity.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 22, 2021*
**Dan Aaron Polster**
**United States District Judge**

---

[1] In *Filip v. Flanagan*, a domestic relations judge was entitled to absolute immunity against the civil rights claims of a husband who had been jailed for contempt because the judge had jurisdiction over the husband's divorce settlement and contempt enforcement power. *Filip v. Flanagan*, 729 F. Supp. 1149 (N.D. Ohio 1989).