UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH BURNHAM, et al.,** | ) | **Case No. 1:21-cv-1348** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| v. | ) | |
| | ) | |
| **CAROLYN A. FRIEDLAND, in her** | ) | **OPINION AND ORDER** |
| **Official Capacity as a Judge/Actor of** | ) | |
| **the State of Ohio,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Plaintiffs' Motion to Alter or Amend the Court's Judgment pursuant to Fed. R. Civ. P. 59(e), **ECF Doc. 5**. For the following reasons, Plaintiffs' Motion is **DENIED**.

**I.      Background**

Much of the background can be found in the Court's July 22, 2021 Opinion and Order. ECF Doc. 3. Pursuant to a 2004 contract, Plaintiffs purchased and owned a facility and the operating rights to a substantial waste-water and treatment facility, a licensed Ohio public utility incorporated in the State of Delaware and located in Cuyahoga County Ohio. ECF Doc. 1 at 2. On or about December 28, 2018, in her official capacity as a Judge of the Cuyahoga County Common Pleas Court, Carolyn A. Friedland ("Judge Friedland") issued through an official act, a judicial summary judgment order in *U.S. Bank, N.A. vs Columbia Park East MHP, LLC, et al.* CV 17-887110. Plaintiffs contends that Judge Friedland's summary judgment order amounted to a taking of Plaintiffs' property without just compensation and deprived Plaintiffs of their right to due process because she failed to order the mandatory constitutional payment of just compensation to

1

Plaintiffs in violation of the 5th and 14th Amendments of the United States Constitution and the Constitution of the State of Ohio. ECF Doc. 4.

On July 22, 2021, this Court *sua sponte* dismissed the above-captioned matter based upon the doctrine of judicial immunity. Specifically, the Court held that it has been principally established that judicial officers are immune from liability for actions taken in their official capacity even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously and corruptly. *See Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The Court held that Plaintiffs have failed to overcome judicial immunity because (1) the challenged actions were taken in the judge's judicial capacity; and (2) the challenged actions were judicial in nature, and there is no dispute that Judge Friedland had jurisdiction over the matter. Plaintiffs request that the Court alter or amend its July 22, 2021 Opinion and Order because this matter is not frivolous and judicial immunity is not absolute in regard to the prohibition against taking property without just compensation under the Fifth Amendment.

**II.    Discussion**

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id*. A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment. Fed. R. Civ. P. 59(e). The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

This Court finds no reason to alter or amend its July 22, 2021 Opinion and Order as there is no clear error of law, newly discovered evidence, intervening change in controlling law, or manifested injustice. Plaintiffs' contention that a state judge's summary judgment order can result in a Fifth Amendment Takings Clause violation is based in large part on *Stop the Beach Renourishment, Inc., v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702, 130 S. Ct. 2592, 177 L. Ed. 2d 184 (2010). However, that case is inapposite to this matter. *Stop the Beach* involved a question of whether the Florida Supreme Court effected a judicial taking without just compensation in violation of the Takings Clause of the Fifth Amendment, as applied to the States by the Fourteenth Amendment. *See Stop the Beach*, 130 S. Ct. at 2597. This case is entirely different from *Stop the Beach* because this case is not a direct appeal from a judgment of the Ohio Supreme Court to the United States Supreme Court. In any event, the portion of the Supreme Court's decision in *Stop the Beach* that discussed the possibility of a judicial taking was only a plurality, and therefore did not create binding precedent. *See Stop the Beach*, 130 S. Ct. at 2597, 2601-10.

If Plaintiffs believed that Judge Friedland's summary judgment order issued in 2018 was unconstitutional, the proper course of action would have been to seek review from the Ohio Court of Appeals or Ohio Supreme Court. Having failed to do so, Plaintiffs may not make an end run around that failure by suing Judge Friedland.

### III. Conclusion

For the above reasons, this Court stands behind its original judgment, and Plaintiff's Motion is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 26, 2021*
**Dan Aaron Polster**
**United States District Judge**

4